UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ALI AFSHAR, an individual, ET AL.,  )
                                     )
         Plaintiffs,                 )
                                     )    CIVIL ACTION NO.
VS.                                  )
                                     )    3:05-CV-1625-G
ROBERT NORWOOD, an individual,       )
ET AL.,                              )    **ECF**
                                     )
         Defendants.                 )

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendants Robert Norwood ("Norwood") and Norwood Autocraft, Inc. ("Norwood Auto") (collectively, "defendants") to dismiss the complaint of the plaintiffs Ali Afshar ("Afshar"), Easy Street Motorsports, Inc. ("Easy Street"), and Easy Street Motorsports Racing, Inc. ("Easy Street Racing") (collectively, "plaintiffs") for failure to state a claim on which relief can be granted. For the reasons stated below, the motion is granted.

I. BACKGROUND

Since 1989, California resident Afshar has been a sports race car driver, driving domestic sports vehicles until 2001 when he began driving exclusively for Subaru.

Complaint ¶¶ 3, 10-11. Sometime in late 2003, Afshar met Texas resident Norwood at a race held in Maplegrove, Pennsylvania. *Id.* ¶ 7, 14. After that meeting, Afshar learned that Norwood was involved with the design and construction of other pro racing cars. *Id.* ¶ 15. Thinking this would be a profitable relationship, Afshar and Norwood engaged in multiple conversations in which it was decided that Norwood would help design and construct alterations to Afshar's current race car. *See generally* Complaint. After giving Afshar estimates for the labor and parts, Norwood began work. *See id.* ¶¶ 21-25. Unfortunately, though, the estimates proved to be too conservative, *id.* ¶ 25, and the car did not perform as allegedly promised. *Id.* ¶ 27. Other difficulties developed between Afshar and Norwood, resulting in delayed deliveries, additional costs, and poor performance. *See generally* Complaint ¶¶ 27-56. Despite these problems, however, Norwood offered to build Afshar a 2000-pound Pro Subaru for another class of racing. *Id.* ¶¶ 58-59. Afshar represented to his sponsors the possibilities of this new vehicle, received approval, and accepted Norwood's offer. *Id.* ¶ 62-64. However, similar to the situation with Afshar's current race car, this situation devolved into disaster. *See generally* Complaint ¶¶ 71-96.

Plaintiffs brought this suit against Norwood and Norwood Auto for (1) breach of contract, (2) fraud, (3) negligent misrepresentation, and (4) accounting. *See* Complaint ¶¶ 102-126. Against this backdrop, the court must examine the defendants' motion to dismiss the plaintiffs' claims for failure to state a claim upon

which relief may be granted.[1]  It should be noted, however, that the defendants' motion addresses only two of the four claims: fraud and negligent misrepresentation. *See generally* Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b). Accordingly, the court will discuss only whether those two claims should be dismissed.

## II.  ANALYSIS

### A.  Standard for Dismissal Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted.  First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovants could prove no set of facts in support of their claims that would entitle them to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE:  CIVIL § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with

---

[1] Subject matter jurisdiction is based on diversity of citizenship. Accordingly, these claims are controlled by Texas law.  See *Erie Railroad Company v. Tompkins*, 304 U.S. 64, 78 (1938); *Rogers v. Corrosion Products, Inc.*, 42 F.3d 292, 295 (5th Cir.), *cert. denied*, 515 U.S. 1160 (1995).

disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983). Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovants. *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). However, conclusory allegations and unwarranted factual deductions will not suffice to prevent a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

If it appears that a more carefully drafted pleading might state a claim upon which relief could be granted, the court should give the claimant an opportunity to amend his claim rather than dismiss it. *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985); *Taylor v. Dallas County Hospital District*, 976 F.Supp. 437, 438 (N.D. Tex. 1996). Furthermore, leave to amend a pleading should be freely given and should be granted unless there is some justification for refusal. *Willard*, 336 F.3d at 386.

## B. Fraud

Although under the general pleading requirements of FED. R. CIV. P. 8(a) the complaint need only contain "a short and plain statement of the claim," a claim for fraud must meet the more stringent requirements of FED. R. CIV. P. 9(b). Under Rule 9(b), the circumstances constituting the alleged fraud "shall be stated with particularity." FED. R. CIV. P. 9(b). The elements of a fraud claim are: (1) a

misstatement or omission (2) of material fact (3) made with the intent to defraud the plaintiff (4) on which the plaintiff relied, and (5) which proximately caused the plaintiff's injury. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir.), *cert. denied*, 522 U.S. 966 (1997). Pleading fraud with particularity requires that a plaintiff specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. *Id.*; see also *Benchmark Electronics, Inc. v. J.M. Huber Corporation*, 343 F.3d 719, 724 (5th Cir. 2003) (stating that Rule 9(b) requires the plaintiff to lay out "the who, what, when, where, and how" of the alleged fraud); *United States ex rel. Russell v. Epic Healthcare Management Group*, 193 F.3d 304, 308 (5th Cir. 1999). If a plaintiff's fraud claim is not pleaded with particularity, however, the plaintiff should be given an opportunity to amend. *Hart v. Bayer Corporation*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).

In the case *sub judice*, the plaintiffs' claims fail for lack of particularity. In their response to the defendants' motion, the plaintiffs have pointed to eight paragraphs in their complaint, asserting that these paragraphs adequately state the time and place of the fraudulent statements. *See* Plaintiffs' Response to Defendants' Motion to Dismiss, and Supporting Brief ("Response") ¶ 1.6 (citing Complaint ¶¶ 14, 25, 36, 44, 50, 58, 64, 68). However, upon review, these paragraphs are woefully inadequate to satisfy Rule 9(b). Rather than attempting to specify the date on which the

allegedly fraudulent statements were made, the plaintiffs merely allege vague time periods. *See* Complaint ¶¶ 14 ("late 2003"), 25 ("After Norwood received the car . . ."), 36 ("In or about March of 2004 . . ."), 44 ("From April through June . . ."), 50 ("During the middle of the year and thereafter . . ."), 58 ("In or about July of 2004 . . ."), 64 ("When the project was approved . . ."), 68 (not designating time of statement, but referencing the due date of project). Nor do the paragraphs fare any better in alleging the locations of the statements. *See generally* Complaint ¶¶ 1-101 (neglecting to allege whether statements were made in California or Texas and over the telephone or through other means of communication). For these reasons alone, the plaintiffs' fraud claim must be dismissed for failure to comply with Rule 9(b).

In addition, although the Fifth Circuit has never "articulated the requirements of Rule 9(b) in great detail," *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992), it has stated that, to plead scienter, more than a "simple allegation" of fraudulent intent is required. *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. Appx. 662, 667 (5th Cir. 2004) (quoting *Tuchman v. DSC Communications Corporation*, 14 F.3d 1061, 1068 (5th Cir. 1994)). Instead, a "plaintiff must set forth specific facts that support an inference of fraud." *Id*. Here, the plaintiffs fail to meet this requirement. Nowhere in the nineteen-page complaint do the plaintiffs allege factual bases for the proposition that defendants knew they were misleading plaintiffs, beyond the "simple allegation" that "[w]hen Defendants made these

statements, said statements were false, and Defendants knew they were false.  In making these statements, Defendants intended to deceive Plaintiffs." Complaint ¶ 111.  This being insufficient to comply with the pleading requirements of Rule 9(b), the plaintiffs' fraud claim must be dismissed.

### C. Negligent Misrepresentation

For motions to dismiss challenging negligent misrepresentation claims, courts have applied either the lenient Rule 8 pleading requirements or the more strict Rule 9(b) criteria.  See *American Realty*, 115 Fed. Appx. at 668-69 (holding that this court court improperly dismissed a negligent misrepresentation claim on the basis that it did not satisfy Rule 9(b) pleading requirements); *General Electric Capital Corporation v. Posey*, 415 F.3d 391, 396-97 (5th Cir. 2005) (applying Rule 8 pleading requirements to negligent misrepresentation claim); but see *Benchmark Electronics*, 343 F.3d at 723 (applying Rule 9(b) because plaintiff's "fraud and negligent misrepresentation claims [were] based on the same set of alleged facts"); see also *Williams*, 112 F.3d at 177. The rule has developed in the Fifth Circuit that a plaintiff's claims must be dismissed if "the inadequate fraud averment is so intertwined with the negligent misrepresentation claim that it is not possible to describe a simple redaction that removes the inadequate fraud averment while leaving behind a viable negligent misrepresentation claim."  See *Nazareth International, Inc. v. J.C. Penney Corporation, Inc.*, No. 3:04-CV-1265, 2005 WL 1704793, at *3-4 (N.D. Tex. July 19, 2005)

(Lynn, J.) (discussing evolution of pleading requirements for negligent misrepresentation after *Benchmark Electronics*, 343 F.3d 719, and *American Realty*, 115 Fed. Appx. 662).

Here, the plaintiffs' fraud and negligent misrepresentation claims are based on the same set of alleged facts and generally grouped together under the heading "The Subaru Street Car Debacle and Fraud." *See* Complaint ¶¶ 18-57; see also *id*. ¶ 116 (citing Complaint ¶¶ 1-44 as basis for negligent misrepresentation claim); *id*. ¶ 109 (citing Complaint ¶¶ 1-101 as basis for fraud claim). Because the plaintiffs' fraud averments are so intertwined with their negligent misrepresentation claim, the court applies the particularity requirements of Rule 9(b).[2] See *American Realty Trust, Inc. v. Travelers Casualty and Surety Company of America*, 362 F. Supp. 2d 744, 752-53 (N.D. Tex. 2005) (Godbey, J.) (holding that dismissal pursuant to Rule 9(b) was appropriate where the plaintiff merged fraud and reckless misrepresentation claims into one paragraph and alleged reckless misrepresentation without specifically indicating which claim(s) the allegation was intended to support).

---

[2] The court also notes that the plaintiffs may have waived any argument that their negligent misrepresentation claim should be analyzed under the more lenient requirements of Rule 8. See *Williams*, 112 F.3d at 177; *Kougl v. Xspedius Management Company of Dallas/Fort Worth, L.L.C.*, No. 3:04-CV-2518, 2005 WL 1421446, at *6 (N.D. Tex. June 1, 2005) (Fitzwater, J.) (noting that Rule 9(b) applies if "plaintiff waives arguments to the contrary"); *see generally* Response (neglecting to treat their fraud and negligent misrepresentation claims separately in response to the defendants' motion to dismiss).

To state a cause of action for negligent misrepresentation under Texas law, the plaintiffs must allege facts showing:  (1) the defendants made a representation in the course of their business, or in a transaction in which they have a pecuniary interest; (2) the defendants supplied "false information" for the guidance of others in their business; (3) the defendants did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiffs suffered pecuniary loss by justifiably relying on the representation.  See *Clardy Manufacturing Company v. Marine Midland Business Loans Inc.*, 88 F.3d 347, 357 (5th Cir. 1996) (citing *Federal Land Bank Association of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)), *cert. denied*, 519 U.S. 1078 (1997).  In addition, the "false information" supplied must have been a misstatement of existing fact, *Clary Corporation v. Smith*, 949 S .W.2d 452, 463 (Tex. App.--Fort Worth 1997, writ denied), rather than a statement of future intention.  *Airborne Freight Corporation, Inc. v. C.R. Lee Enterprises, Inc.*, 847 S.W.2d 289, 294 (Tex. App.--El Paso 1992, writ denied).

For the reasons stated above in the discussion regarding fraud, the plaintiffs' allegations of negligent misrepresentation fail for lack of particularity.  Moreover, several of the plaintiffs' allegations of negligent misrepresentation fail because they are statements of future intention, rather than misstatements of existing fact.  *See* Complaint ¶¶ 20, 23.  Accordingly, they must be dismissed for failure to state a claim. See *Infomart (India), Pvt., Ltd. v. Metrowerks Corporation*, No. 3:04-CV-1299, 2005 WL

292433, at *5 (N.D. Tex. Feb. 7, 2005) (Godbey, J.) (holding that the defendant's statement that it would provide the plaintiff with a project status report and the software stack within a particular time period was a statement of future intention and warranted dismissal).

### III. CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is **GRANTED** with respect to the plaintiffs' fraud and negligent misrepresentation claims. However, because it appears that a more carefully drafted complaint might state claims upon which relief could be granted, the plaintiffs shall have leave to file and serve, not later than **January 20, 2006**, an amended complaint to remedy the Rule 9(b) deficiencies in their pending complaint; if no such amended complaint is filed and served, these claims will be deemed dismissed without further notice. If the plaintiffs duly amend their complaint, the defendants may reassert their motion to dismiss if they believe that the amended complaint fails to cure the defects in the original complaint noted above.

**SO ORDERED**.

December 14, 2005.

_____
A. JOE FISH
CHIEF JUDGE